UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| LONE STAR WEAPONS ACADEMY L.L.C., dba SHEEP DOG MARKET<br>  Plaintiff,<br><br>v.<br><br>QUINTAL INTERNATIONAL, INC.<br>  Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Case No. 4:15-cv-191 |

**ORIGINAL COMPLAINT for**
**DECLARATION of TRADEMARK NON-INFRINGEMENT and INJUNCTION**

Plaintiff Lone Star Weapons Academy L.L.C., doing business as Sheep Dog Market ("Sheep Dog") files this Original Complaint against Defendant Quintal International, Inc. ("Quintal"), seeking the Court's declaration that Sheep Dog's shirts bearing the phrase "BACK TO BACK WORLD WAR CHAMPS" as a decorative statement on the front of a t-shirt do not infringe any trademark belonging to Quintal, a permanent injunction prohibiting Plaintiff from frivolous suits concerning its registered mark, cancellation of the mark, and damages pursuant to Texas law for illegal attempts to monopolize a market.

### I.   PARTIES

1.    Plaintiff Lone Star Weapons Academy L.L.C., doing business as Sheep Dog Market ("Sheep Dog" is a limited liability company organized and existing under the laws of the State of Texas, with its primary place of business in Keller, TX, 75165. Plaintiff also operates an Internet web site from which it sells goods and advertises services, which is found at http://sheepdogmarket.com/.

2. Defendant Quintal International, Inc. ("Quintal") is a corporation organized in California which may be served at its registered agent, Payam Mosbat, 6203 Tapia Drive, Malibu, CA 90265.

## II. JURISDICTION AND VENUE

3. Plaintiff brings this action seeking a declaration of rights with respect to federal trademark laws. The court has jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338 (federal question), 15 U.S.C. § 1119 (trademark cancellation), and 28 U.S.C. § 2201 (declaratory judgment).

4. The dispute is ripe for adjudication at this time because Quintal's conduct created a real and reasonable apprehension of liability on the part of Sheep Dog, and Sheep Dog sold shirts to which Quintal referenced in its cease and desist letters threatening Sheep Dog, and wishes to continue selling such shirts without fear of litigation, both on its own site, and on third-party sites such as Ebay and Zazzle.

5. This Court has supplemental jurisdiction over the state claims for illegal monopolization pursuant to under 28 U.S.C. § 1367(a) because it is so related to plaintiff's federal claims which are within this Court's original jurisdiction, that the claims form part of the same case and controversy under Article III of the United States Constitution.

6. This Court has personal jurisdiction because defendant's agents purposefully purchased items from plaintiff's facility which it knew was in the State of Texas, which is supported by the Texas long-arm statute, TEX. CIV. PRAC. & REM. § 17.042.

7. As the facts below show, jurisdiction is supported in this case over this controversy, as defined and discussed in *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227 (U.S. 1937).

8. Venue is properly founded in this judicial district pursuant to 28 U.S.C. §§ 1391(b) because a substantial part of the events giving rise to the claims in this action occurred within this District.

### III. NATURE OF THE DISPUTE

9. This is a civil action in which the plaintiff seeks a declaratory judgment from this court that its conduct, as set forth below, does not infringe the trademark of the defendant, and further seeks a permanent injunction against similar threats of suit from the defendant, and cancellation of the defendant's mark.

10. At issue is the ability of vendors to sell t-shirts and other goods which bear a common phrase, in this case, "BACK TO BACK WORLD WAR CHAMPS," which has been used ornamentally on clothing as a patriotic slogan for many years, long before Quintal registered it with the United States Patent and Trademark Office in mid-2013.

11. Quintal seeks to monopolize a patriotic slogan by misusing trademark law and brow-beating small t-shirt makers with federal lawsuits, knowing that the suits are frivolous and without support.

### IV. DECLARATION SOUGHT

12. Plaintiff Sheep Dog is entitled to a declaration from this Court because, in light of established principles of U.S. trademark law, its use of the phrase ""BACK TO BACK WORLD WAR CHAMPS" does not infringe Quintal's trademark when used ornamentally on shirts, and further asks this Court to put a permanent stop to Quintal's abusive tactics by issuing a permanent injunction against similar abusive litigation threats by Quintal.

### V. SPECIFIC FACTUAL ALLEGATIONS RELATED TO DISPUTE

13. Plaintiff sells various clothing and other items from its website, http://sheepdogmarket.com/.

14. Until the events concerning this suit, plaintiff sold shirts bearing the phrase, "BACK TO BACK WORLD CHAMPS".

15. Quintal has sent Sheep Dog multiple letters which threaten suit for trademark infringement, basing its claims for infringement on Quintal's registered mark, and Sheep Dog's use of the phrase on the front of a t-shirt sold on Sheep Dog's website. These threatening letters included a fully drafted petition for trademark infringement by Quintal against Sheep Dog.

16. Sheep Dog does not use the phrase as a source indicator, but seeks to take advantage of small t-shirt vendors who do not understand trademark law by threatening them with suit.

17. In discussion with Quintal's counsel, Sheep Dog has asked for any case law supporting Quintal's position that an ornamental use of a popular phrase that was famous for years prior to its registration can be the gravamen of a trademark infringement suit when placed on the front of a shirt.

18. Quintal has refused to discuss the matter, but instead repeated demands that Sheep Dog provide detailed financial data regarding shirt sales, inventory and other intrusive data, so it could compute a proper damage amount, giving a one-week deadline.

19. Sheep Dog asserts that no reasonable person would look at the shirt that it has sold, and conclude that the shirt was made or sold by a company that uses that phrase as a source indicator.

20. Plaintiff has also learned that Quintal has claimed trademark violations against other vendors and threatened their livelihood by also making complaints to online aggregators such as Zazzle.com, causing Zazzle to require vendors selling such clothing to remove it from their offering or lose the sales channel completely.

21. It is expected that during discovery, Quintal will be forced to admit that it has sent similar threatening letters to a large number of t-shirt vendors, and brow-beaten many of them into giving up their sales of the shirts or lose online third-party sales channels such as Zazzle, which do not want to get involved in a trademark dispute and be accused of contributing to infringement.

22. Sheep Dog wishes to continue selling their shirts, and also wishes to have the option to offer its shirts on third-party sites without fear of litigation.

## VI. CLAIM 1 - DECLARATION OF TRADEMARK NON-INFRINGEMENT

23. Based on the preceding allegations, there exists between the parties a substantial controversy of sufficient immediacy and reality to warrant declaratory relief.

24. The court should exercise its discretion, pursuant to the Federal Declaratory Judgment Act and the Lanham Act, to issue a declaratory judgment in this action because:

   a. Plaintiffs do not use defendant's mark as a source indicator.

   b. No reasonable person would interpret plaintiff's use of the patriotic phrase, "BACK TO BACK WORLD WAR CHAMPS" is an indicator of source when it is printed on the front of a t-shirt.

   c. Defendant has a pattern of this behavior, and will continue to abuse small t-shirt vendors who must hire attorneys to defend them or give up profits.

   d. The requested relief will resolve all of the disputes between the parties, save all parties numerous, time-consuming, expensive, and unnecessary proceedings and will assure that t-shirt vendors can provide a popular shirt without legal harassment by a legal team which is well aware that its position is untenable.

## VII. CLAIM 2 - REQUEST FOR PERMANENT INJUNCTION

25. Based on the preceding allegations, there exists a need to protect the public and the thousands of small t-shirt sellers who are likely targets for ongoing abusive behavior as defendant has shown in the facts of this case.

26.     The court should exercise its discretion to issue a permanent injunction to protect the public and other t-shirt vendors from Quintal's abusive attempts to use trademark law to eliminate competition regarding the sale of a shirt with a popular common phrase which existed years before the mark was registered.

## VIII.   CLAIM 3 - REQUEST FOR TRADEMARK CANCELLATION

27.     After an examination of the market and an earnest search, Sheep Dog can find no example of any earnest use by the defendant of the registered mark in commerce.

28.     Plaintiff is aware that clothing using the slogan was popular long before its registration as a mark by defendant, and these many uses should have shown the mark to be a generic phrase unregisterable.

29.     Less than five years has passed since defendant has registered the mark, so any grounds that would have prevented registration qualifies as legal ground for cancellation.

30.     Based on the popularity of the patriotic slogan and the registration of the mark, it appears that the registration of the mark was one of bad faith, solely for the purpose of litigation, rather than true commercial use.

31.     Based on the number of t-shirt vendors who have sold shirts bearing the registered mark as mere ornament, plaintiff argues that the mark is generic pursuant to 15 U.S. Code § 1064, which states that the "primary significance of the registered mark to the relevant public rather than purchaser motivation shall be the test for determining whether the registered mark has become the generic name of goods or services on or in connection with which it has been used."

32.     The motivation of the public to buy the shirt is the patriotic slogan on the shirt, rather than any idea that the slogan is being used as a source indicator. Thus, the mark should be cancelled.

## IX.     CLAIM 3 - TEXAS FREE ENTERPRISE AND ANTITRUST ACT OF 1983

33.     Plaintiff brings a claim pursuant to TEX. BUS. & COM. CODE § 15.05(b), which states: "It is unlawful for any person to monopolize, attempt to monopolize, or conspire to monopolize any part of trade or commerce" (the "Act").

34.     Defendant attempted to monopolize a specific ornamental design by misusing trademark law, when defendant has no design patent, and therefore has no factual or legal grounds to support those demands, thereby violating the Act.

35.     TEX. BUS. & COM. CODE § 15.21 allows individuals to file suit on this basis for damages, tripled when the behavior is flagrant, as well as attorney fees.

36.     Defendant's behavior was flagrant. Plaintiff provided ample time for Defendant to retract its demands, and yet it persisted until this suit was found to be necessary.

## X.     REQUEST FOR RELIEF

37.     Plaintiff requests judgment that this Court render a declaration judgment that: "Ornamental use of the phrase "BACK TO BACK WORLD WAR CHAMPS" on clothing does not infringe any trademark rights of defendant; and,

38.     Plaintiff requests that this Court cancel trademark registration number 85968426 for "BACK TO BACK WORLD WAR CHAMPS" because it is generic, and because the registration was not to protect a genuine trademark, but solely for litigation purposes; and,

39. Plaintiff requests that the Court permanently enjoin defendant Quintal International from complaining or threatening suits for use of the phrase "back to back world war champs" when that phrase is used ornamentally; and,

40. Plaintiff requests that this Court award plaintiff triple the economic damages it has suffered, as well as reasonable attorney's fees pursuant to TEX. BUS. & COM. CODE § 15.21(a); and,

41. Plaintiff requests that this Court award plaintiff its costs in this action; and,

42. Plaintiff requests that this Court grant plaintiff any and all other and further equitable and legal relief that may be just and proper.

**JURY DEMAND -** Plaintiff requests trial by jury of all claims.

Dated: March 15, 2015

>Respectfully submitted,
>/s/ Warren V. Norred
>Warren Norred, TX Bar 24045094
>Norred Law, PLLC
>200 E. Abram, Suite 300, Arlington, TX 76010
>817-704-3984 o; 817-548-0161 f
>wnorred@norredlaw.com