UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **LONE STAR WEAPONS ACADEMY** § <br> **L.L.C., dba SHEEP DOG MARKET** § <br> § <br> **Plaintiff,** § <br> § <br> v. § <br> § <br> **QUINTAL INTERNATIONAL, INC.** § <br> § <br> **Defendant.** § | | Case No. 4:15-CV-191 <br><br> JURY TRIAL DEMANDED |

Defendant Quintal International, Inc. ("Quintal") hereby responds to the complaint (the "Complaint") of plaintiff Lone Star Weapons Academy L.L.C. dba Sheep Dog Market ("LSWA"), and files its answer, affirmative defenses and counterclaims with respect thereto, and would show the Court as follows:

## ANSWER

1.   Quintal lacks sufficient knowledge or information at this time to form a belief as to the truth of the allegations of Paragraph 1 of the Complaint, and on that basis denies same.

2.   Quintal admits the averments alleged in Paragraph 2 of the Complaint, but denies that service has been properly made.

3.   Quintal admits that plaintiff seeks a declaration of rights, and that the court has jurisdiction based on the provisions of the United States Code cited in Paragraph 3 of the Complaint, but denies that such action is appropriate.

4.   Quintal admits that LSWA sold the infringing items as alleged in Paragraph 4 of the Complaint, but denies the remaining allegations set forth therein.

5.   Quintal denies the allegations set forth in Paragraph 5 of the Complaint.

6. Quintal admits that infringing items were purchased from LSWA, but denies the remainder of the allegations set forth in Paragraph 6 to the Complaint.

7. Quintal denies the allegations of Paragraph 7 of the Complaint.

8. Quintal denies the allegations of Paragraph 8 of the Complaint.

9. Quintal admits that LSWA seeks declaratory and other relief as set forth in Paragraph 9 to the Complaint, but denies that LSWA is entitled to such relief.

10. Quintal denies the allegations of Paragraph 10 of the Complaint.

11. Quintal denies the allegations of Paragraph 11 of the Complaint.

12. Quintal denies the allegations of Paragraph 12 of the Complaint.

13. Quintal lacks sufficient knowledge or information at this time to form a belief as to the truth of the allegations of Paragraph 13 of the Complaint, and on that basis denies same.

14. Quintal admits that LSWA sold the infringing item, but lacks sufficient information as to what is meant by "until the events concerning this suit."

15. Quintal admits the allegations of Paragraph 15 of the Complaint.

16. Quintal denies the allegations of Paragraph 16 of the Complaint to the extent that LSWA claims that its actions are not infringing of Quintal's rights.

17. Quintal lacks sufficient knowledge or information at this time to form a belief as to the truth of the allegations of Paragraph 17 of the Complaint, and on that basis denies same.

18. Quintal admits that it has asked for information relevant to an infringement and damages analysis, and denies the remaining allegations of Paragraph 18 of the Complaint.

19. Quintal denies the allegations of Paragraph 19 of the Complaint.

20. Quintal admits that it has asserted infringement claims against other third party infringers, and denies the remaining allegations of Paragraph 20 of the Complaint.

21. Quintal admits that it has asserted infringement claims against other third party infringers, and denies the remaining allegations of Paragraph 21 of the Complaint.

22. Quintal lacks sufficient knowledge or information at this time to form a belief as to the truth of the allegations of Paragraph 22 of the Complaint, and on that basis denies same.

23. Quintal denies the allegations of Paragraph 23 of the Complaint.

24. Quintal denies the allegations of Paragraph 24 of the Complaint with respect to LSWA's claims against Quintal.

25. Quintal denies the allegations of Paragraph 25 of the Complaint.

26. Quintal denies the allegations of Paragraph 26 of the Complaint with respect to LSWA's claims against Quintal.

27. Quintal denies the allegations of Paragraph 27 of the Complaint.

28. Quintal denies the allegations of Paragraph 28 of the Complaint.

29. Quintal denies the allegations of Paragraph 29 of the Complaint.

30. Quintal denies the allegations of Paragraph 30 of the Complaint.

31. Quintal denies the allegations of Paragraph 31 of the Complaint.

32. Quintal denies the allegations of Paragraph 32 of the Complaint.

33. Quintal admits that LSWA purports to bring an action pursuant to the stated code as set forth in Paragraph 33 of the Complaint, but denies that such relief is appropriate.

34. Quintal denies the allegations of Paragraph 34 of the Complaint.

35. Quintal admits that the cited code provision in Paragraph 35 of the Complaint speaks for itself with respect to the relief that may be granted thereunder, but denies that any such relief is appropriate.

36. Quintal denies the allegations of Paragraph 36 of the Complaint.

37. Quintal denies that LSWA is entitled to the relief requested in Paragraph 37 of the Complaint, and on that basis, denies same.

38. Quintal denies that LSWA is entitled to the relief requested in Paragraph 38 of the Complaint, and on that basis, denies same.

39. Quintal denies that LSWA is entitled to the relief requested in Paragraph 39 of the Complaint, and on that basis, denies same.

40. Quintal denies that LSWA is entitled to the relief requested in Paragraph 40 of the Complaint, and on that basis, denies same.

41. Quintal denies that LSWA is entitled to the relief requested in Paragraph 41 of the Complaint, and on that basis, denies same.

42. Quintal denies that LSWA is entitled to the relief requested in Paragraph 42 of the Complaint, and on that basis, denies same.

## FIRST AFFIRMATIVE DEFENSE

43. LSWA has failed to state a claim upon which relief can be granted pursuant to FED. R. CIV. P. 12(b)(6).

## SECOND AFFIRMATIVE DEFENSE

44. The certificate of registration for the mark complained of herein is prima facie evidence of the validity of the registered mark, of the registration of the mark, of Quintal's ownership of the mark, and of Quintal's exclusive right to use the registered mark in commerce on or in connection with the goods or services specified in the certificate for such mark.

### THIRD AFFIRMATIVE DEFENSE

45. The registration of the mark complained of herein evidences that the mark is not generic, descriptive or ornamental.

### FOURTH AFFIRMATIVE DEFENSE

46. LSWA is estopped, by virtue of unclean hands, laches, and equitable estoppel, from asserting the claims brought herein.

### FIFTH AFFIRMATIVE DEFENSE

47. LSWA is not entitled to recover under Texas Bus. & Comm. C. § 15.21, in that Quintal obtained a trademark registration for the mark complained of pursuant to federal statutes, and thereby falls within one or more exceptions to the applicability of this provision as set forth in Tex. Bus. & Com. C. § 15.05.

### COUNTERCLAIMS

48. Defendant and Counter-Plaintiff Quintal International, Inc. ("Quintal") is a California corporation with its principal place of business in California.

49. Plaintiff and Counter-Defendant Lone Star Weapons Academy L.L.C. dba Sheep Dog Market ("LSWA") is a Texas limited liability company with its principal place of business in Keller, Texas.

50. This action is brought under sections 32, 34(d) and 43(a) and (c) of the Trademark Act of 1946 as amended (15 U.S.C. §§ 1114, 1116(d) and 1125(a),(c)), and under the common law of the State of Texas. Jurisdiction with respect to these counterclaims is by virtue of 15 U.S.C. § 1121 and 28 U.S.C. §§ 1338 and 1367, and by the principles of pendant jurisdiction. Venue against LSWA with respect to these counterclaims lies under 28 U.S.C. § 1391.

51.     On or about June 24, 2013, Quintal filed a United States trademark application (Serial No. 85968426) for registration of the mark "Back to Back World War Champs" (the "Mark") for use in connection with caps, hats, pants, shirts, sweatshirts and t-shirts. Registration No. 4528328 was issued by the United States Patent and Trademark Office on or about May 13, 2014. *See* information from the USPTO database, attached hereto as **Exhibit A**.

52.     Quintal has continuously used the Mark in commerce in the United States since at least as early as 2009, in association with the goods set forth in the registration. Quintal is the owner of all rights in and to the Mark.

53.     Quintal uses the Mark as a brand for the clothing, as indicated by use of the Mark on the inside portion, at the neckline, of t-shirts. *See* **Exhibit B**.

54.     The Mark is inherently distinctive and, because of its use by Quintal, when attached to the clothing products, has come to symbolize that the products represent, and are sponsored by, Quintal. Upon information and belief, purchasers buy the products because of their clear connection to Quintal.

55.     The Mark has been extensively advertised and promoted by Quintal, and their agents and employees, to consumers throughout the United States. Currently Quintal spends significant sums each year on promotion and advertising of this Mark in various forms of media.

56.     As a result of the unique and distinctive nature of the Mark, and the extensive display, sales, promotion and use by Quintal, the Mark has become associated with Quintal in the minds of the general public. The Mark, as a mark, distinguishes the Quintal goods from the goods of others and is indicative to the trade and to consumers that clothing products bearing the Mark originate from, or are sponsored or approved by, Quintal.

57. Upon information and belief, LSWA is sells various clothing items bearing the Mark. Upon information and belief, LSWA sells these goods and/or services in a wide range of locations, and seeks generally to sell to the general public. Upon information and belief, LSWA offers such infringing products to the general public in the State of Texas and this District.

58. The activities of LSWA with regard to its infringing use of the Mark are and have been without authorization from Quintal, and with the intention of infringing upon Quintal's rights, thereby causing injury that is irreparable.

### FIRST COUNTERCLAIM – TRADEMARK INFRINGEMENT

59. Quintal repeats and realleges the allegations of Paragraphs 48 through 58 of the Counterclaims as if fully set forth herein.

60. By reason of the foregoing acts, LSWA has infringed, and shall continue to infringe, Quintal's federally registered trademark, causing irreparable injury, the full extent of which cannot presently be determined.

61. Unless LSWA is enjoined by the Court, the irreparable injury to Quintal shall continue.

### SECOND COUNTERCLAIM – FALSE DESIGNATION OF ORIGIN

62. Quintal repeats and realleges the allegations of Paragraphs 48 through 61 of the Counterclaims as if fully set forth herein.

63. By reason of the foregoing acts, LSWA has falsely designated the origin of goods and/or services it is marketing and has otherwise made false descriptions and representations about such goods and/or services.

64. LSWA's activities are likely to create confusion among the purchasing public, are likely to deceive purchasers concerning the source or sponsorship of such goods and/or services,

and will otherwise mislead purchasers as to the origin of the goods and/or services sold by LSWA, and cause purchasers and others to believe that LSWA's goods and/or services come from, or are sponsored or approved by, Quintal, thereby causing irreparable injury to Quintal.

## THIRD COUNTERCLAIM – UNFAIR COMPETITION

65. Quintal repeats and realleges the allegations of Paragraphs 48 through 64 of the Counterclaims as if fully set forth herein.

66. LSWA, by reason of the foregoing acts, has traded upon and appropriated the reputation and valuable good will of Quintal and has acted to create the likelihood of confusion and mistake on the part of the purchasing public as to the source of LSWA's goods and/or services.

67. LSWA's acts are likely to lead the public mistakenly to the belief that LSWA's goods and/or services are in some way sponsored by, or associated with, Quintal, and/or create the impression that LSWA's and Quintal's goods and/or services are distributed under the same corporate aegis and authority.

68. LSWA's activities constitute unfair competition and a misappropriation and infringement of Quintal's common law trademark rights, and have caused and will continue to cause irreparable injury to Quintal unless enjoined by this Court.

## ALLEGATIONS OF DAMAGE

69. Quintal has suffered, is suffering, and will continue to suffer irreparable harm and injury as a result of LSWA's aforesaid activities. LSWA will, unless restrained and enjoined, continue to act in the unlawful manner complained of herein, all to Quintal's irreparable damage. Quintal's remedy at law is not adequate to compensate them for the injuries suffered and

threatened. By reason of LSWA's acts complained of herein, Quintal has suffered monetary damages in an amount not yet determined.

## REQUEST FOR JURY TRIAL

70.    Quintal hereby requests that this cause be tried by a jury.

## PRAYER

WHEREFORE, Quintal requests the following relief:

71.    That LSWA, its agents, officers, directors, employees, servants, attorneys, privies, successors and assigns, and all holding by, through or under LSWA, and all those acting for or on the behalf of LSWA, or in active concert, participation, or combination with it be enjoined and restrained, immediately and preliminarily, during the pendency of this action and permanently thereafter from:

    (a)    using the Mark or any colorable imitation thereof on or in connection with goods and/or services not originating with Quintal;

    (b)    advertising, distributing, offering for sale or selling any goods and/or services using the registered Mark or any colorable imitation thereof;

    (c)    using, in connection with the advertising, offering for sale or sale of any goods and/or services, any false designation, description or representation stating or implying that Quintal, either separately or jointly, is the origin of, or connected with, such goods and/or services;

    (d)    passing off or inducing or enabling others to sell or pass-off goods, not of Quintal manufacture or sponsorship, as and for the products of Quintal;

    (e)    otherwise infringing upon Quintal's trademark, competing unfairly with Quintal, injuring its business reputation, or diluting the distinctive quality of its trademark.

72. That this Court order LSWA, and its officers, agents, servants and employees, to deliver up to this Court, and to permit the seizure by Officers appointed by the Court, all articles and materials either infringing upon the rights of Quintal or embodying Quintal's trademark, and particularly, without limitation, all signs, advertising, printed material or other merchandise which embodies or includes Quintal's Mark, or in LSWA's possession or control and of the type used to compete unfairly with Quintal, to be impounded and held in the custody of this Court during the pendency of this action, and to be delivered up for destruction on the issuance of a final Order in this action, including all infringing copies and all matter for reproducing such infringing copies, and LSWA submits in writing, under oath, a description of all actions each has taken to comply with this portion of the Order.

73. That LSWA be required to pay to Quintal such damages as Quintal has sustained in consequence of LSWA's infringement of the Mark and of said unfair trade practices and unfair competition and the injury to Quintal's business reputation, and to account for and pay to Quintal for all gains, profits and advantages derived by LSWA as a result of the wrongful trade practice, unfair competition and trademark infringement aforesaid.

74. That LSWA be ordered to account for and pay over to Quintal all its respective gains, profits and advantages derived from the infringement of Quintal's trademark or such damages as to the Court shall appear proper within the Trademark Statutes, and that such damages be trebled.

75. That LSWA be ordered to pay to Quintal the costs of this action and reasonable attorneys' fees.

76. That in the alternative, an award of statutory damages, in accordance with 15 U.S.C. § 1117, shall be awarded by the Court in an amount up to $1,000,000 for the infringement of Quintal's trademark.

77. That Quintal have such other and further relief as the Court may deem just and proper.

Respectfully submitted,

/s/ Ryan T. Beard
Eric B. Meyertons
State Bar No. 14004400
Dwayne K. Goetzel
State Bar No. 08059500
Ryan T. Beard
Texas State Bar No. 24012264
MEYERTONS, HOOD, KIVLIN,
  KOWERT & GOETZEL, P.C.
1120 S. Capital of Texas Hwy.
Building 2, Suite 300
Austin, Texas  78746
(512) 853-8800 (telephone)
(512) 853-8801 (facsimile)

**ATTORNEYS FOR DEFENDANT
AND COUNTER-PLAINTIFF
QUINTAL INTERNATIONAL, INC.**

## **CERTIFICATE OF SERVICE**

      I hereby certify that on July 24, 2015 I electronically filed the foregoing pleading with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court.

      /s/ Ryan T. Beard
      Ryan T. Beard